

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-21-00166-CV

———————————————

DIANE BOZANICH RATLEY, Appellant

V.

WILLIAM DAVID RATLEY, Appellee

On Appeal from the 362nd District Court
Denton County, Texas
Trial Court No. 19-9876-362

Before Kerr, Birdwell, and Bassel, JJ.
Memorandum Opinion by Justice Kerr

## MEMORANDUM OPINION

In this divorce case, Diane Bozanich Ratley attempts to appeal from the trial court's "Order on Motion for Judgment Nunc Pro Tunc" correcting the trial court's "Order for Appointment of Realtor," which appointed a realtor to list and sell the Ratleys' marital residence. Because neither order appeared to be a final judgment or an appealable interlocutory order, we notified appellant of our concern that we lack jurisdiction over this appeal. We informed her that unless she or any party desiring to continue the appeal filed a response within ten days showing grounds for continuing the appeal, we would dismiss it for want of jurisdiction. *See* Tex. R. App. P. 42.3(a), 44.3. Ten days have passed, and we have received no response.

We have jurisdiction to consider appeals only from final judgments and from certain interlocutory orders made immediately appealable by statute. *See Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001); *see also* Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a). Unless a statutory exception applies, an order that does not dispose of all pending parties and claims remains interlocutory and unappealable until a final judgment is signed. *See Lehmann*, 39 S.W.3d at 195; *In re Roxsane R.*, 249 S.W.3d 764, 774–75 (Tex. App.—Fort Worth 2008, orig. proceeding).

Here, neither order is a final judgment or an appealable interlocutory order, and we thus dismiss this appeal for want of jurisdiction. *See* Tex. R. App. P. 42.3(a), 43.2(f).

/s/ Elizabeth Kerr
Elizabeth Kerr
Justice

Delivered:  September 23, 2021